IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| BRANDON HOWARD,            )<br>                           )<br>    Plaintiff,              )<br>                           )<br>    v.                     )<br>                           )<br>J. ANGLIN, et al.,         )<br>                           )<br>    Defendants.            ) | CIVIL ACTION NO.<br>  2:17cv818-MHT<br>       (WO) |

OPINION AND ORDER

Now before the court is defendants Keith Edwards, Maurice Womack, and James Anglin's motion to dismiss plaintiff Brandon Howard's request for injunctive relief. *See* Motion to Dismiss Plaintiff's Request for Injunctive Relief (Doc. 47). Howard's complaint asks that the defendants be removed from their jobs with the Alabama Department of Corrections and permanently removed from all employment with the State. *See* Complaint (Doc. 1) at 4. The court has previously expressed concern that this sort of injunctive relief may not be available under the law and that injunctive relief in general may not be appropriate in this case,

and it ordered the parties to show cause as to why the request for injunctive relief should not be dismissed. *See* Order (Doc. 45). The defendants subsequently filed their motion to dismiss, and the court allowed Howard additional time to respond. *See* Order (Doc. 51) at 1. While Howard did file a response, he did not raise any objections to dismissing his request for injunctive relief. *See* Response to Motion to Dismiss (Doc. 57) at 1.

In order to proceed with a request for injunctive relief, a plaintiff must demonstrate that he faces a real and immediate threat of irreparable injury and that there is no adequate remedy at law. *See City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). If the court can no longer offer the plaintiff any meaningful relief, the request for injunctive relief is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

2

Howard's first basis for injunctive relief is his request that all of the defendants be removed from their positions with the Department of Corrections. However, the defendants have offered evidence that none of them remain employed with the department, *See* Motion to Dismiss Plaintiff's Request for Injunctive Relief (Doc. 47) at 4-6, and there is no indication that they are likely to be rehired.  Howard does not object to this conclusion or offer any evidence to the contrary. As a result, the request for injunctive relief is now moot and must be dismissed as this issue.

Howard's second basis for injunctive relief is his request that the defendants be permanently removed from any employment with the State.  As the defendants point out, granting such relief would require the court to enter an order against the State of Alabama, requiring that it not employ any of the defendants.  However, the court only has the power to issue injunctive relief that binds the parties and those in certain relationships with the parties.  *See* Fed. R. Civ. P.

3

65(d)(2). The court generally lacks jurisdiction to issue an injunction against a non-party, even if that non-party is the former or current employer of a party. *See ADT LLC v. NorthStar Alarm Services, LLC*, 853 F.3d 1348 (11th Cir. 2017) (explaining that a court cannot bind a non-party unless the non-party is in privity with a party, meaning that the non-party is so identified with the party that it would be reasonable to conclude that the non-party's rights and interests have been represented in the proceeding). Here, Howard has brought suit against only Edwards, Womack, and Anglin. Alabama is not a party to this case, and there is no indication that it is in privity with any of the defendants. As a result, the court has no power to order that the State refrain from employing the defendants. Because the court cannot grant the requested relief, and because Howard does not object, this request for injunctive relief will be dismissed as to this issue.

Accordingly, it is ORDERED that the defendants' motion to dismiss plaintiff Brandon Howard's request for injunctive relief (Doc. 47) is granted.

Because plaintiff Howard still has an outstanding claim for damages, however, the case is not closed.

DONE, this the 9th day of March, 2021.

                                                /s/ Myron H. Thompson
                                                **UNITED STATES DISTRICT JUDGE**